UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL Q. TIRADO,<br>Plaintiff,<br>v.<br>DUARTE,<br>Defendant. | No. 2:26-cv-01022 SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. Because Plaintiff's complaint raises only state law claims for relief, the undersigned recommends that it dismissed without prejudice and without leave to amend. See 28 U.S.C. § 1915A(b)(1). For the same reasons, the undersigned recommends Plaintiff's motion to proceed in forma pauperis be denied. See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

Plaintiff alleges that Defendant Duarte, a Correctional Officer at Mule Creek State Prison ("MCSP"), divulged personal and confidential information while sitting in on a visit between Plaintiff and a mental health profession. ECF No. 1 at 3. As a result of this breach of "duty of care," Plaintiff faced threats to his safety and security. Id. Defendant's actions caused Plaintiff mental anguish and emotional trauma and forced his move to another prison after establishing himself at MCSP over ten years. Id.

Plaintiff raises three causes of action against Defendant Duarte: (1) General Negligence (Breach of Duty of Care); (2) Intentional Tort (Misconduct); and (3) Personal Injury (Threat to Safety). ECF No. 1 at 3-5. By way of relief, Plaintiff seeks $100,000 in damages. Id. at 6.

Plaintiff also attached non-conformed copies of documents (e.g., case intake sheet, complaint, government tort claim, request to waive court fees, etc.) related to a substantially identical state court case filed or planned to be filed in Amador County Superior Court. Id. at 7-31.

## DISCUSSION

### I. Failure to State a Claim

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

Here, plaintiff's complaint fails to state a claim under § 1983 because it does not allege a violation of any rights protected by the Constitution or created by federal statute. The complaint raises only state law claims under negligence and intentional tort theories of liability, which are not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) ("[W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.") (citing Daniels v. Williams, 474 U.S. 327 (1986)); Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986) ("It is well settled that section 1983 'imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'" (quoting Baker v. McCollan, 443 U.S. 137, 146 (1979))).

While the absence of any federal causes of action is clear from the complaint, the attachments further demonstrate plaintiff's intent to bring only state claims. For instance, the documents include a "Government Claim" form identifying the same causes of action as the complaint. ECF No. 1 at 13-14. Under California law, exhausting administrative claims through use of this form is a condition precedent to bringing state tort claims in state or federal courts. See Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 193 Cal. Rptr. 760, 762 (Cal. App. 1983)). Moreover, plaintiff cites to various cases, including Marsh v. San Diego County, 432 F. Supp. 2d 1035, 1057–58

(S.D. Cal. 2006), and Hill v. Nat'l Collegiate Athletic Assn., 7 Cal. 4th 1, 865 P.2d 633 (1994), that concern either state constitutional or statutory rights to privacy, not federal rights enforceable via § 1983. See ECF No. 1 at 15-16.

For all these reasons, plaintiff state tort allegations do not state viable § 1983 claims against Defendant Duarte. Additionally, without any constitutional or federal statutory causes of action, the undersigned lacks subject matter jurisdiction over the complaint. See 28 U.S.C. §§ 1331, 1343(a)(3). Accordingly, the undersigned recommends the complaint be dismissed.

**II. No Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, plaintiff's complaint fails to state any cognizable claims for relief under 42 U.S.C. § 1983. Given the nature of his claims, which all sound in state law and must be brought in state court, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

**III. Plain Language Summary of this Order for a Pro Se Litigant**

The Court recommends your complaint be dismissed without leave to amend because federal courts do not have jurisdiction over complaints that raise only state claims like intentional torts and negligence. You must bring the claims you raised here in state court.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED.

2. The complaint be dismissed without leave to amend for failure to state a claim, but without prejudice to the claims proceeding in an action in state court. 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE